IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH PENTON,                                                                    PLAINTIFF

VERSUS                                            CIVIL CAUSE NO.: 3:24-cv-107-KHJ-MTP

CITY OF PEARL, &
JOHN DOES 1 – 10, IN THEIR
INDIVIDUAL AND OFFICIAL
CAPACITY                                                                          DEFENDANTS

### PLAINTIFF'S (PENTON'S) MEMORANDUM OF LAW FOR RESPONSE TO DEFENDANT (CITY OF PEARL'S) MOTION FOR JUDGMENT ON THE PLEADINGS D-11

COMES NOW, KEITH PENTON, Plaintiff, by and through his attorney of record, Michael W. Crosby, and does hereby submit this, his Response the Defendant, City of Pearl's Motion for Judgment on the Pleadings, and does submit as follows, to-wit:

I.

Plaintiff hereby respectfully concedes that the Defendant, City of Peal's averments have merit with respect to the insufficiency of the Complaint itself to the extent that a conclusory statement which does not state more than a single instant of misconduct does not necessary overcome the need to plead a pattern of prior incidents sufficient to place the City on actual or provides constructive notice of their failure to train its employees violate citizen's constitutional rights. However, there are exceptions to this general rule when the Chief of Police, him or herself, is the instigator/director and/or participant in the assault at issue, especially when he or she directs and participates in the brutal attack at issue. Plaintiff/Penton is facing the problem that the Complaint does not clearly set forth the fact that the Chief of Police himself directed the assault at issue and actually participated in the event, including the removal of Plaintiff/Penton

from an ambulance and not only personally assaulted him but also directed other officers to do so.  The Defendant/City of Pearl provided a link to the news story describing the fact that Plaintiff committed 2nd murder and drove away; however, unnecessary force by law enforcement during the arrest is the issue.  No one and no law allow the law enforcement officers to doll out punishment.  As it currently presents, Plaintiff/Penton must concede that the Complaint fails to provide the necessary averments and/or facts sufficient to survive the City's Motion.  Plaintiff/Penton further concedes that it will be necessary for him to conduct discovery to identify the actual culprits involved in the assault and to properly ascertain the history of said officers of the City of Pearl to be able to properly plead facts sufficient to keep the City as a Defendant in the case at bar.

    First, the former Chief of Police, Chief Dean Scott, who resigned in January 2024, participated and directed the assault against Plaintiff/Penton.  Said Chief had Penton removed from an ambulance and directed/participated in the assault.

    Second, Pearl Police Officer Michael Christian Green, was convicted[1] of brutality against prisoners with open and flagrant behavior.  This Officer refused to allow a detainee to urinate in the facilities, and after said detainee was required to relieve himself of the floor, said officer forced the detainee to "lick up" the urine off the floor.  This brutality was open, obvious and flagrant and despite knowingly being videotaped, he felt free to do so without concern of repercussions.  When the event became known, the Chief of Police did not discipline said officer and did not immediately terminate the officer without being forced to do so despite the fact that the FBI was investigating the same.

---

[1] https://www.justice.gov/usao-sdms/pr/former-pearl-police-officer-sentenced-one-year-federal-prison-civil-rights-offense

Third, the Chief of Police Dean Scott was discovered committing fraud[2], and did not immediately resign. When public outrage rose, he finally resigned, however, he secured another State Job in law enforcement for higher pay as a Lieutenant with the Capital Police in Jackson, Mississippi.

II.

As such, the Plaintiff/Penton has now provided sufficient information for the undersigned to request permission to seek permission to amend the complaint and request permission to conduct discovery for the purposes of identifying other allegations which would help identify exactly how widespread the abusive custom and practice was implemented. The above-described abuses were so outrageous that that few would believe an allegation that inmates were required to drink their own urine from the floor of a cell, especially when it is being videotaped and in the presence of other witnesses. Such outrageous and flagrant abuse demonstrates an attitude and strongly implies that the behavior is condoned and perhaps encouraged. If the Plaintiff makes outlandish accusations and attempts to engage in a fishing expedition, the Fifth Circuit affirms the lower Court's dismissals; however, the incredibly horrific urine allegation in an adjudicated fact with a conviction against the officer. It is important to note that the officer was not immediately terminated, and the conviction was the result of an FBI investigation. Furthermore, the fraudulent behavior of the Chief of police who was involved in the assault against Plaintiff/Penton, the fact he did not immediately resign and was not terminated, and currently works at a higher paying job for the State of Mississippi as the State Capital, provides additional corroboration for the need to allow Plaintiff/Penton to conduct discovery to establish

---

[2] https://www.wlbt.com/2024/01/19/pearls-police-chief-resigns-weeks-after-wlbt-investigation-into-timesheet-discrepancies-with-his-county-job/

additional proof of the widespread abuses. Finally, as the Chief of Police is a policy maker, such is an exception to the "single incident" allegation problem. When the policy maker him or herself commits or directs the assault at issue, that suffices for the policy, custom and practice requirement.

The City of Pearl relied upon *Watt v. New Orleans City*, No. 23-30050, 2023 U.S. App. LEXIS 27453, at *4-5 (5th Cir. Oct. 16, 2023) to submit that Plaintiff/Penton should not be allowed to engage in discovery to secure the necessary information to meet the sufficiency requirements of the Complaint. Yes, the City of Pearl did correctly anticipate that Plaintiff/Penton does need the ability to conduct meaningful discovery pursuant to the rules of this Court to be able to provide the necessary information required for the Complaint to contain the necessary information to properly litigate the case at bar. However, it is respectfully submitted that the City misreads *Watt* in that the Plaintiff in *Watt* simply made a claim and intended to engage in what the Fifth Circuit called an "unjustified fishing expedition against the City."

> Watt misunderstands what is required to survive a Rule 12(b)(6) motion as to his *Monell* claim. Watt's pleadings had to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."**5** The facts set forth in Watt's complaint do not state a plausible *Monell* claim, but only a speculative one. He provides no specific examples of past similar conduct by Hoffacker. Moreover, as the district court noted, the fact that Hoffacker was assigned to administrative desk duty and prohibited from driving a police vehicle or carrying a weapon demonstrates that the City was *not* deliberately indifferent to whatever infraction Hoffacker previously committed, but instead took disciplinary action and reprimanded him.
> Watt blames his failure to plead a plausible claim on the district court's alleged refusal to allow him an opportunity to conduct discovery and [*5] amend his complaint. But, as the Supreme Court has explained, Watt was required to allege facts beyond "mere possibility."**6** And, we cannot allow Watt "to embark on an unjustified fishing expedition against the . . . City to discover facts that might have justified proceeding beyond the Rule 12(b)(6) state if they had been alleged at the outset."**7**

*Watt v. New Orleans City*, No. 23-30050, 2023 U.S. App. LEXIS 27453, at *4-5 (5th Cir. Oct. 16, 2023)

III.

Furthermore, with regard to the insufficiency of the complaint itself, the Fifth Circuit generally finds that the interest of justice is best served with allowing a prison who alleges Civil Rights violations in a Complaint that is considered lacking in the necessary specificity, he should be allowed to amend his Complaint so that justice is served[3]. In the event that the Court finds the Complaint insufficient, Penton hereby requests and respectfully submits that the interest of justice requires sufficient time to amend the complaint to comply with the requirements and cure any deficiencies, as held by the Fifth Circuit and described in the following District Court cases, as herein below. With regard to a Plaintiff being allowed to amend his/her complaint to provide more specific information and averments to survive a motion to dismiss for inadequate pleadings, a recent decision by in the District Court for the Eastern District of Texas, the Magistrate Judge, in *Magruder v. Argon Med. Devices, Inc*., No. 6:23-CV-00556-JCBJDL, 2024 U.S. Dist. LEXIS 85250, at *3 (E.D. Tex. Jan. 23, 2024), recommended that the Plaintiff be given leave to amend her complaint to cure the deficiencies in a Civil Rights claim, even though it affirmed the lower court's decision on the motion itself, citing the analogous and relevant cases by the Fifth Circuit, stating as follows:

> In her response to the motion to dismiss, Magruder requests that she be allowed [*9] to amend her complaint if the court finds her allegations insufficient. (Doc. No. 13, at 6.) Federal Rule of Civil Procedure 15(a)(2) permits a party to amend pleadings only with leave of court or a defendant's written consent. Rule 15(a) provides in relevant part

---

[3] It is the intent of the undersigned to assist the Plaintiff (a prisoner in MDOC custody), but due to recent technical difficulties with communication, the undersigned has experienced great difficulty in securing the necessary information to properly amend the Complaint for the Judge's consideration. Please note that Plaintiff/Penton has not been able to call the undersigned at any of the arranged times to call. Through the assistance of his son, Plaintiff/Penton was finally able to speak to the undersigned, although it was so late in the weekend and night that the undersigned has not been able to prepare the proper proposed amended complaint. Nevertheless, Penton was finally able obtain the additional information regarding the outrageous abuses and improper acts of the Chief of Police described herein above.

that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny a motion for leave to amend "lies within the sound discretion of the district court." Little v. Liquid Air Corp., 952 F.2d 841, 846 (5th Cir. 1992), on reh'g en banc, 37 F.3d 1069 (5th Cir. 1994). In considering whether to grant a plaintiff's request for leave to amend a complaint, the court may consider factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993).
*Magruder v. Argon Med. Devices, Inc*., No. 6:23-CV-00556-JCBJDL, 2024 U.S. Dist.

LEXIS 85250, at *8-9 (E.D. Tex. Jan. 23, 2024) See Also:

*Lozano v. Schubert*, 41 F.4th 485, 487 (5th Cir. 2022) & see also

*McGee v. Hayward,* No. SA-24-CV-00340-FB, 2024 U.S. Dist. LEXIS 121034, at *1 (W.D. Tex. July 10, 2024)

*Wilder v. Morgan,* No. 6:20-CV-01383, 2022 U.S. Dist. LEXIS 50717, at *4 (W.D. La. Mar. 18, 2022)


WHEREFORE, PREMISES CONSIDERED, the Plaintiff/Penton hereby submits this, his Response to the Defendant, City of Pearl's Motion for Judgment on the Pleadings, and respectfully requests that said motion should be denied, and alternatively, respectfully requests sufficient time within which to submit a proposed amended complaint for the Court's consideration, along with permission to conduct sufficient discovery, and for such other relief the interests of justice so requires.

Respectfully submitted, this the 15th day of October, 2024.

KEITH PENTON

/s/ Michael W. Crosby_____
Michael W. Crosby
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I, Michael W. Crosby, do hereby certify that I have this day this day electronically filed a true and correct copy of the above Response to Defendant's Motion for Judgment on the Pleadings with the CM/ECF system, which sent notification of such filing to all counsel of record.

This this the 15th day of October, 2024.

                                                     /s/ Michael W. Crosby
                                                   Michael W. Crosby
                                                   Attorney for Plaintiff

Michael W. Crosby
MSB #7888
2111 25th Avenue
Gulfport, MS 39501
Tel: (228) 865-0313
Fax: (228) 865-0337
michaelwcrosby@bellsouth.net