UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEITH PENTON                                                                 PLAINTIFF

V.                                CIVIL ACTION NO. 3:24-CV-107-KHJ-MTP

CITY OF PEARL, MISSISSIPPI, et al.                             DEFENDANTS

ORDER

Before the Court is Defendant the City of Pearl's [11] Motion for Judgment on the Pleadings. For the reasons stated below, the Court grants the motion but gives Plaintiff Keith Penton until January 8, 2025, to amend his [1] Complaint.

I.     Background

This is a 42 U.S.C. § 1983 case about excessive force allegedly used on Penton when Pearl police officers arrested him for second-degree murder on February 21, 2021. [1] at 2–3. Shortly after killing someone in Walthall County, Mississippi, Penton was driving through Pearl, Mississippi, when the Pearl police stopped him. *See id.* at 2. Even though Penton surrendered to the officers, he alleges they "attacked him, assaulted him, tazed him, beat him, drove him to a location under a bridge[,] and beat him further." *Id.* Six officers later continued to beat Penton when he arrived later at the Pearl police station. *Id.* at 2–3. Penton further alleges that Pearl police officers commonly assault arrestees under the bridge where they took him immediately after his arrest. *Id.* at 2.

On February 21, 2024, Penton sued the City of Pearl and 10 anonymous Pearl police officers in their official and individual capacities. *Id.* at 1–2.[1] He brings two Section 1983 claims against all defendants, alleging that they subjected him to (1) cruel and unusual punishment and (2) excessive force in violation of the Fourth, Eighth, and Fourteenth Amendments. *Id.* at 3. In the [1] Complaint, Penton's counsel stated that he "was asked, late on the last day to file, to help [Penton] file his complaint" and that it was "certain that the [1] Complaint will require amending." *Id.* at 1. The City answered Penton's [1] Complaint and then moved for judgment on the pleadings, arguing that Penton failed to state a plausible claim against the City under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). *See* Answer [6]; [11].

In his [14] Response to the City's [11] Motion, Penton admitted that the [1] Complaint fails to state a plausible *Monell* claim. [14] at 1; *see also* Mem. Supp. Resp. [15] at 2. But Penton's counsel argued that technical difficulties had prevented him from communicating with his incarcerated client to amend the [1] Complaint. [14] at 2. Nevertheless, counsel stated that he had finally received

---

[1] Because the statute of limitations has long run, Penton cannot amend the [1] Complaint to identify the "John Doe" defendants because such an amendment will not relate back under Rule 15(c)(3). *See Jacobsen v. Osborne*, 133 F.3d 315, 320–21 (5th Cir. 1998). But Penton did list Pearl police officers Donnell Reynolds and Byron Robinson as defendants on the second page of the [1] Complaint. [1] at 2. He then failed to serve process on either officer within 90 days of filing the [1] Complaint as required by Rule 4(m). The Court may sua sponte dismiss Penton's claims against Reynolds and Robinson without prejudice. Fed. R. Civ. P. 4(m). Even so, because dismissal at this time would effectively be with prejudice, the Court will extend the time for service. *See Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008).

some information through Penton's son. *Id.* This information conveyed that former Pearl Chief of Police Dean Scott "directed the assault at issue and actually participated in the event . . . ." [15] at 1. Penton alleges that Scott "removed [him] from an ambulance" and "personally assaulted him . . . ." *Id.* at 2. He also contends that Scott was a final policymaker for the City whose actions can subject it to *Monell* liability. *Id.* at 4. Accordingly, in his [14] Response, Penton requested leave to amend the [1] Complaint with these new allegations. The City opposes the request as futile and procedurally improper. Reply [16] at 1–2.

II.   Standard

After the pleadings close, Federal Rule of Civil Procedure 12(c) permits any party to move for judgment on the pleadings if it would not delay trial. Courts evaluate a Rule 12(c) motion "using the same standard as a motion to dismiss under Rule 12(b)(6) for failure to state a claim." *Doe v. Burleson County*, 86 F.4th 172, 175 (5th Cir. 2023) (cleaned up). When reviewing the pleadings under Rule 12(c), the Court only considers the pleadings, documents attached to or incorporated in them, and matters subject to judicial notice. *Benfer v. City of Baytown*, 120 F.4th 1272, 1278 n.2 (5th Cir. 2024). The Court must accept all factual allegations in the complaint as true, but it is not bound to accept legal conclusions framed as factual statements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). To survive a motion for judgment on the pleadings, a complaint must include enough factual allegations to state a facially plausible claim to relief. *Id.* at 678. A claim has facial plausibility if

the Court may reasonably infer the defendant's culpability from the facts the plaintiff alleges. *Id.*

If a defendant submits a successful Rule 12(c) motion, a court should not grant it without first "granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000). But after the Court has set a pleading amendment deadline in a scheduling order, Rule 16(b)—rather than Rule 15(a)—governs the amendment of pleadings after the deadline expires. *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003). Thus, a party seeking leave to amend after the deadline must first show good cause for the untimely amendment under Rule 16(b). *Id.* at 536. Only after the movant shows good cause "will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *Id.*

Good cause exists when the deadline "cannot reasonably be met despite the diligence of the party needing the extension." *Id.* at 535 (cleaned up). In determining good cause, courts consider "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* at 536 (cleaned up). If a movant cannot establish good cause or amendment would otherwise be futile, a court should then grant the Rule 12(c) motion and dismiss the subject claims with prejudice. *See Adams Fam. Tr. v.*

4

*John Hancock Life Ins.*, 424 F. App'x 377, 381 & n.9 (5th Cir. 2011) (per curiam) (collecting cases); *see also Gentilello v. Rege*, 627 F.3d 540, 546 (5th Cir. 2010).

III.  Analysis

Because Penton concedes that his [1] Complaint fails to state a plausible *Monell* claim, the Court turns to whether it should grant Penton leave to amend. The deadline to amend the pleadings was August 26, 2024. Case Management Order [9] at 4. As a result, Rule 16(b) governs Penton's request for leave to amend. *S&W Enters.*, 315 F.3d at 535. The Court finds that Penton has shown good cause for amending his [1] Complaint out of time, and his proposed amendments would not be futile.

First, the Court finds that Penton has given a reasonable explanation for not amending earlier. Penton is incarcerated by the Mississippi Department of Corrections. [15] at 5 n.3. As a result, his counsel stated that "due to recent technical difficulties with communication," he "experienced great difficulty in securing the necessary information to properly amend the [1] Complaint . . . ." *Id.* The Court gives counsel the benefit of the doubt that he had "great difficulty" communicating with an incarcerated client. *Id.*

Second, this amendment is important to Penton's case. If the Court denies Penton's request to amend, any dismissal will be with prejudice because the statute of limitations on Penton's claims has run. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018). Because Penton has conceded that the [1] Complaint

fails to state a claim, a chance to amend here will determine whether his claims survive. As a result, he has shown the importance of this amendment.

Third, the Court finds that the City would not be significantly prejudiced by permitting Penton to amend. "A defendant is prejudiced if an added claim would require the defendant to reopen discovery and prepare a defense for a claim different from the one that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (cleaned up). Trial is set for the Court's August 2025 trial term, and the discovery deadline is March 3, 2025. [9] at 4. Permitting Penton to amend the [1] Complaint would not require the City to reopen discovery. Likewise, the [1] Complaint attempts to plead a *Monell* claim against the City, and the proposed amendment bolsters the same claim. [1] at 3; [15] at 2. Thus, the City would not have to defend against an entirely different claim. Allowing Penton to amend will not prejudice the City, but if any prejudice happens to result, it is still early enough for trial to be continued.

As Penton has shown good cause for amending the [1] Complaint under Rule 16(b), the Court now applies Rule 15(a) to his request to amend. "Rule 15(a) authorizes a district court to deny a motion for leave to amend where the amendment would be futile . . . ." *Adams Fam. Tr.*, 424 F. App'x at 381 (cleaned up). The City argues that amendment would be futile because "[c]ase law establishes that police chiefs are not final policymakers." [16] at 3. Citing *Armstrong v. Ashley*, 60 F.4th 262, 276–77 (5th Cir. 2023), the City also asserts that the "newfound

6

allegations against Scott are barren of factual support and wholly conclusory." *Id.* at 5 (cleaned up). At this stage, the Court disagrees.

To be sure, some municipal police chiefs are not final policymakers, but some are. *Compare, e.g.*, *Monacelli v. City of Dallas*, No. 24-10067, 2024 WL 4692025, at *3–4 (5th Cir. Nov. 6, 2024) (Wiener, J., concurring) (per curiam) (noting that the Dallas Police Chief is not a final policymaker because "[u]nder Texas law, the final policymaker for the city of Dallas is the Dallas city council" (quoting *Groden v. City of Dallas*, 826 F.3d 280, 286 (5th Cir. 2016))), *with Zarnow v. City of Wichita Falls*, 614 F.3d 161, 168 (5th Cir. 2010) ("[W]e hold that [Wichita Falls] impliedly delegated its policymaking authority to the chief of police."). The same holds true in Mississippi. *Compare, e.g.*, *Riggins v. City of Indianola*, 196 F. Supp. 3d 681, 691 (N.D. Miss. 2016) (finding that Indianola Police Chief was not final policymaker), *with K.B. v. Adams*, 480 F. Supp. 3d 746, 756 (S.D. Miss. 2020) (finding that Jackson Police Chief was final policymaker). As for Pearl itself, another judge of this Court once previously remarked that the Pearl Police Chief was "undeniably an official policymaker for the City . . . ." *Granger v. Slade*, 361 F. Supp. 2d 588, 597 (S.D. Miss. 2005). In any case, it is still unsettled whether Scott was a final policymaker for the City, and for that reason, the Court will not decide that issue prematurely by denying leave to amend on those grounds.

Penton's new allegations are also not barren of factual support or wholly conclusory. Penton proposes to allege that Scott "personally assaulted him" and "directed other officers to do so." [15] at 2. If Penton plausibly pleads facts showing

that Scott was a final policymaker for the City, this allegation could establish a plausible *Monell* claim under the single incident exception. *See Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010). Unlike the plaintiff in *Armstrong* who alleged that "persons with final policymaking authority . . . participated personally in the misconduct," 60 F.4th at 276, Penton's proposed allegations identify a potential policymaker (Scott) and an unconstitutional policy (the assault). *See* [15] at 2. This is enough to warrant a chance to amend.

IV.   Conclusion

For the reasons stated above, the Court GRANTS the City of Pearl's [11] Motion for Judgment on the Pleadings. But the Court believes that Penton should be allowed a chance to plead his best case and that he has shown good cause for permitting him to amend his pleadings at this stage. Penton may amend his [1] Complaint by January 8, 2025. The Court also ORDERS Penton to serve his Amended Complaint on Pearl police officers Donnell Reynolds and Byron Robinson by January 22, 2025. If he fails to take either action within that time, the Court will dismiss the applicable claims with prejudice and without further notice, entering final judgment if appropriate. The Court has considered all the parties' arguments. Those arguments not addressed would not have altered the Court's decision.

SO ORDERED, this 20th day of December, 2024.

                 s/ *Kristi H. Johnson*
                 UNITED STATES DISTRICT JUDGE